Goold for the plaintiff.
The only question for the court
to determine is,, whether after a man has fairly discharged to its utmost extent, a usurious contradi, by payment both of principal and interest he shall not, in an adiion given by the statute to a third person, be competent to prove the usury ? It is to be observed he can have no species of interest ; the money is paid ; the debt therefore cannot be avoided, nor is he interested in the event of the suit, for as it is brought by another person, it can be only to the advantage of him, and those for whom he proceeds that it can ensure. This point is settled in the case of Abrams v. Bunn. 4 Burr. 2251. so far as it is an authority in this court. The objection that a witness shall not be permitted to testify any thing which may invalidate an instrument to which he has subscribed his name, has by later decisions been restrained to negotiable paper alone. Baker v. Bent 3. D and E 27. overruling in that respect die judgment of Walton v. Shelly 1 D and E. 296. Therefore the present case is clearly_outof anyof those reasonings on policy &c. because the instruments were not negotiable, and were satisfied. Indeed how far they ought under any circumstances to prevail may be a question since the determina *170 tion in Jordaine v. Lashbroke and another, 7 D and E 601.* If the question be open in this court, it may be, with great justice contended, that the case of Walton v. Shelly is an encroachment upon the land marks of evidence, but howsoever that may be, the present is a very diiferent question, for it does not go to the invalidating any instrument, the money on them having been paid and the whole coming within the authority of Abrams V. Bunn.
Brees contra. Public policy requires that no person who has signed an instrument shall be, in any cause, admitted as a witness to invalidate it; because no man shall be allowed to testify against his own aft. By this very court in )' an aftion by the assignees of a certificated bankrupt to recover back the amount of a note given on a usurious consideration, the bankrupt was in July term 1802, held an incompetent witness to prove the usury. He was there clearly disinterested ; his property was assigned to his assignees, and had they recovered, the amount of the verdift would have gone to his creditors. The case in Burrows, applies to transactions where a written security is not giv- ^ en : there the borrower may be a witness, and to the same effeft is 2 Hawk. 386. 3 Woodeson 393. But where the contract is by writing, no one whose name is upon it can be received. Walton v. Shelly, 1 D & E. 296. 2 Hawk. 387. 3 Woodeson 303. The point therefore upon the authority of Lord Mansfield may be considered to be at rest. The ) distinctions since taken, are subsequent to the revolution, and therefore not biniling here. In them it is also to be observed that the judges are far from being consistent. Buller 3. D. & E. 36. restrains their admissibility to cases of negotiable paper : Lord Kenyon 7. D. & E. is for receiving in all cases the testimony of witnesses who have no direft interest Ashurst J., however totally dissenting. It is true the reasoning from policy may have been stronger in the case of negotiable paper, but as the law now stands and the assignment of choses in aftion constantly practised, the principle has of late been much narrowed. “ If a written con- *171 « trail (not negotiab!e)be assigned, the assignee may sue in the “ name of the original claimant, and such original claimant « shall not be permitted (at law) to undo his own transfer, « or obstruid the suit of the plaintiff.” 2 Woodeson 388.
Goold in reply was stopped by the court.
Per curiam. We are unanimous that the judgment of the court below be reversed. This case does not come within any of those cited in favor of the defendant. The paper here is not only satisfied but destroyed. The aition is not to annul the security or take away a fair consideration from the defendant. There is no question of interest. For that, to render a witness incompetent it has before been settled, that the interest must be in the event of the suit. By this determination neither public policy, nor the interest of the witness can be affected, he therefore was fully competent.

 The decifion there was that the payee of a bill of exchange may, in an adtion by an indorfee againft the acceptor, prove the bill, “ void in its creation.” Qu. whether this diitindtion be not perfectly found.